**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BRITISH COLUMBIA LOTTERY
CORPORATION,

                Plaintiff,

                v.

NEHEMIAH CHUN MA and
GAMESENSE, LLC,

                Defendants.

Civil Action No. 23-CV-649 (JPO)

## STIPULATED PROTECTIVE ORDER

        IT IS HEREBY STIPULATED AND AGREED by and among the parties to this civil action, through their respective attorneys, as follows:

        1.      Any information furnished during the discovery proceedings in this civil action by any party on one side to any other party on the other side and designated "confidential":

        (a)      Shall be disclosed to no one except the parties' attorneys and their staff, along with representatives of the parties hereto, and non-party experts (who agree in writing to be bound by this Order and who have no known or perceived conflict of interest);

        (b)      Shall be maintained in confidence;

        (c)      Shall be used only for the purposes of this action; and

        (d)      Shall not otherwise be disclosed or used by the parties.

        2.      Any information furnished during the discovery proceedings in this civil action by any party on one side to any other party on the other side and designated "confidential – counsel only":

(a)    Shall be disclosed to no one except the parties' attorneys and their staff and non-party experts (who agree in writing to be bound by this Order and who have no known or perceived conflict of interest);

(b)    Shall be maintained in confidence;

(c)    Shall be used only for the purposes of this civil action; and

(d)    Shall not otherwise be disclosed or used by the parties.

3.    If it becomes necessary for counsel for a party receiving "confidential-counsel only" material to seek the assistance of any person other than those specified above, the following procedures shall be employed:

(a)    Counsel for the receiving party shall notify, in writing, counsel for the producing party of their desire to disclose such "confidential-counsel only" information and shall identify the person(s) to whom they intend to make such disclosure;

(b)    If no objection to such disclosure is made by counsel for the producing party within five (5) business days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon counsel for the producing party, prior to disclosure, a Designation of Third Party form (Exhibit A hereto) whereby such person agrees to comply with and be bound by this Stipulated Protective Order;

(c)    If the producing party objects to such disclosure, no disclosure shall be made at that time.  However, any party may bring before the Court the question of whether the particular "confidential-counsel only" information can be disclosed to the designated person(s) and the party making the designation shall have the burden of establishing before the Court the

necessity for such designation.

4.      The designation of material as confidential material shall be deemed a representation that there is a reasonable basis for the belief that the material so marked is, in fact, confidential property of a party, as confidential and proprietary business information is defined under the law governing this action, and the designation of the material shall be accomplished by employing the legend "**CONFIDENTIAL**" or "**CONFIDENTIAL-COUNSEL ONLY**", as follows:

(a)      In the case of documents, the legend shall be placed on the front page of the document and the confidential portions thereof designated, if less than the entire document, prior to its production; and for multi-page documents, designation for all pages may be made by employing the legend "**CONFIDENTIAL**" or "**CONFIDENTIAL-COUNSEL ONLY**" on the first page only;

(b)      In the case of information incorporated in answers to interrogatories, the legend shall be placed on the first page of the interrogatory answers and the confidential portions thereof designated, if less than all of the interrogatory answers; and

(c)      In the case of material revealed during a deposition, designation of the confidential portions of the transcript (including exhibits) shall be made within ten (10) business days of counsel's receipt of a copy of the transcript of the deposition or by a statement to the effect on the record by counsel. Prior to the expiration of such ten (10) business day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such materials shall remain in the sole possession of counsel and shall not be disclosed to any person not listed in Paragraph 2.

In the case of (a) and/or (b) above, the parties shall have five (5) business days after production to designate as confidential any material that was previously produced and not designated confidential. The non-producing party shall not be liable for any disclosure made prior to such designation and such disclosure shall not be a violation of this Order.

5.    The following definitions shall be applicable:

(a)  The term "counsel" or "attorneys" shall refer only to those attorneys charged with the responsibility for and actively engaged in preparation for this civil action and their regular employees, and includes any in-house counsel of any business or incorporated party;

(b)  The term "non-party expert" shall refer to any person whom counsel may deem it necessary to consult for the preparation of this case, but shall not include any employee, licensee or regularly employed consultant of the receiving party; and

(c)  The term "staff" shall include the regular employees of plaintiffs' and defendants' counsel along with any outside copying services used by plaintiffs' or defendants' counsel in connection with this case.

6.    The parties will use reasonable care to avoid designating any document or information as confidential that has been published or can be otherwise shown to be in the public domain. However, if the discovering party asserts that the information designated by the disclosing party as "confidential" or "confidential-counsel only" is not subject to the restrictions of the agreement, the parties will make a good faith effort to resolve the dispute informally. If the dispute cannot be resolved by the parties, it may be presented to the Court for resolution.

7.    Counsel may, in the course of a deposition of a person, show such

-4-

witness confidential information and examine the witness concerning confidential information provided the witness is informed that the information is confidential and is instructed that pursuant to court order, such confidentiality must be maintained.  Only qualified persons may be present at any such deposition during examination concerning materials designated as confidential.  Other than the witness who has the legal right to review the document (i.e. owner of the confidential or proprietary information), only counsel may be present at any such deposition during examination concerning "confidential-counsel only" information.

8.      All information subject to confidential treatment in accordance with the terms of this Stipulation and Order, and any pleadings, motions or other papers filed with the Court disclosing any confidential information, shall be filed under seal and kept under seal until further order of the Court.  Where possible, only confidential portions of filings with the Court shall be filed under seal.  To facilitate compliance with this Order by the Clerk's office, material filed under the designation "confidential" or "confidential-counsel only" shall be contained in a sealed envelope bearing such designation on its front face.  In addition, the envelope shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Order.

9.      At any hearing or trial, the parties agree to make a good faith effort to maintain the confidentiality of any document marked "confidential" or "confidential-counsel only" pursuant to the terms of this Order.

10.     Within thirty (30) days of the conclusion of this case by final judgment or otherwise, each party will return to the other side "Confidential" information and material, including all copies, summaries and abstracts of the confidential material which belong to the other side, or shall certify in writing that all such information and material has

been destroyed.  An exception to the requirements of this paragraph shall include any confidential materials that have been filed with the Court as pleadings, or have been included in formal discovery materials that have been filed with the Court.

11.     Exhibit A is to be executed by any expert retained by either party or its counsel.  Following execution, the document (Exhibit A) shall be retained by the counsel of record retaining said expert.  This document shall include the certification of no conflict of interest or perceived conflict of interest.

12.     Nothing contained in this Order shall preclude the attorneys for any party from advising their clients concerning this matter, so long as confidential information designated by another party is not disclosed.

Dated:        May 23, 2023                    Dated:        May 23, 2023

**DAHAN | PAMPALONE**                          **GERBEN PERROTT, PLLC**

By:___/s/Michael Pampalone_____            By: _/s/kathryngkent_____
    Michael Pampalone (MP-1474)            Kathryn Kent
    158 Grand Street                       Gerben Perrott, PLLC
    White Plains, New York 10601           1050 Connecticut Ave NW, Suite 500
    (718) 388-0912                         Washington, DC 20036
                                           (202) 294-2287
                                           VT #4455

*Attorneys for Plaintiffs*                     *Attorneys for Defendants*

**SO ORDERED, this 9th**
**day of June, 2023**

_____
        J. PAUL OETKEN
      United States District Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRITISH COLUMBIA LOTTERY CORPORATION, | Civil Action No. 23-CV-649 (JPO) |
| Plaintiff, | |
| v. | |
| NEHEMIAH CHUN MA and GAMESENSE, LLC, | |
| Defendants. | |

## DESIGNATION OF THIRD PARTY TO
## BE BOUND BY PROTECTIVE ORDER
## <u>AND CERTIFICATE OF NO CONFLICT</u>

I, _____ of _____ _____desire to be bound by the Protective Order entered in this matter by the Court on _____, 2006, a copy of said Order being attached hereto.  I have read said Order and I agree to be bound by all provisions thereof.  I further certify that I have not been employed by the opposing party in this civil action, nor am I aware of any conflict of interest with the opposing party in this action.

Dated:                     By:

                           Name:

                           Title:

**AGREED TO:**

Dated:          May __, 2023                    Dated:          May __, 2023

**DAHAN | PAMPALONE**                    **GERBEN PERROTT, PLLC**

By:_____          By:_____
    Michael Pampalone (MP-1474)              Kathryn Kent
    158 Grand Street
    White Plains, New York 10601
    (718) 388-0912

*Attorneys for Plaintiffs*                    *Attorneys for Defendants*